1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VINCENT C. COFIELD,

11          Plaintiff,                     No. 2:12-cv-1826 JFM (PC)

12      vs.

13   WARDEN SWARTHOUT, et al.,             ORDER AND

14          Defendants.                    ORDER TO SHOW CAUSE

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  Plaintiff, the only party to appear in this action, has consented to United States

19   Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See Consent filed

20   July 20, 2012 (ECF No. 8).)

21          Plaintiff has submitted a declaration that makes the showing required by 28

22   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

24   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

25   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

26   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

1  and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

2  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

3  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

4  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

5  U.S.C. § 1915(b)(2).

6          The court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

11  U.S.C. § 1915A(b)(1),(2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

23  (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more

24  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

25  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.

26  However, "[s]pecific facts are not necessary; the statement [of facts] need only "'give the

2

1 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"'" <u>Erickson</u>

2 <u>v. Pardus</u>, 551 U.S. 89, 90-91 (2007) (quoting <u>Bell</u>, 550 U.S. at 555, in turn quoting <u>Conley v.</u>

3 <u>Gibson</u>, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must

4 accept as true the allegations of the complaint in question, <u>Erickson</u>, <u>id.</u>, and construe the

5 pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236

6 (1974).

7   This action is proceeding on plaintiff's original complaint filed June 12, 2012

8 (ECF No. 1.)[1]  Plaintiff names eleven defendants in his complaint.  In relevant part, plaintiff

9 alleges that defendant Correctional Officer Camacho retaliated against him for filing inmate

10 grievances against said defendant by breaking plaintiff's television set, destroying plaintiff's

11 radio, and writing a false rules violation report against plaintiff.  (<u>See</u> Complaint filed June 12,

12 2012 (ECF No. 1) at 4.)  It appears that plaintiff was charged with possession of contraband; he

13 alleges that the contraband was found in his cellmate's possession.  <u>Id.</u>  Plaintiff filed an inmate

14 grievance from these events.  <u>Id.</u>  He alleges defendant Brida denied his inmate appeal and falsely

15 claimed that he had interviewed plaintiff.  <u>Id.</u> at 5.  Plaintiff alleges that he was subsequently

16 found guilty of the prison rules violation by defendant Becerra, and that defendant Becerra

17 denied plaintiff a "material witness," defendant Swetland, as well as other inmate witnesses.  <u>Id.</u>

18 Defendant Zamora denied plaintiff's inmate grievance at the third level of review.  <u>Id.</u>

19 Defendant Granadaz threw away plaintiff's request for an interview.  <u>Id.</u>  Plaintiff's counselor

20 denied him a court ordered phone call.  <u>Id.</u>  Defendant Long rejected his appeal from that denial.

21 <u>Id.</u>  Defendant Long also denied plaintiff's appeal from another prison disciplinary write up

22 issued against plaintiff.  <u>Id.</u> at 5-6.  Plaintiff also claims that defendant Long "adversely

23 transferred" plaintiff to High Desert State Prison.  <u>Id.</u> at 6.

24 /////

25

26   [1]  This action was filed in the United States District Court for the Northern District of California and transferred to this court by order filed July 9, 2012.  (ECF No. 5).

Plaintiff seeks injunctive relief including restoration of good time credits and reversal of the "denial of custody reduction." Id.  Plaintiff also seeks compensatory and punitive damages.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly  unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.  The rule announced in Heck applies to prison disciplinary proceedings that result in the loss of good time credits.  See Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Under Heck and Edwards, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate the disciplinary conviction or lost good time credits.  Id.  If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated.  Plaintiff's claims against defendants Camacho, Brida, Becerra and Zamora all implicate the validity of a prison disciplinary conviction that resulted in plaintiff's loss of good time credit which have not been restored.  For that reason, plaintiff's claims against those defendants must be dismissed without prejudice.

Although defendants Swarthout, Swetland, Jiminez, Cervantes, and Caron are referred to in plaintiff's complaint, there are no allegations against any of them which implicate any violation of plaintiff's constitutional rights, nor does it appear that this defect could be cured by amendment.

Finally, plaintiff alleges that defendant Long denied or rejected two inmate grievances filed by plaintiff and "adversely transferred" plaintiff to High Desert State Prison.  These allegations are insufficient to implicate any ongoing violation of plaintiff's substantive constitutional rights.  See Herrera v. Hall, No. 1:08-cv-1882-LJO-SKO PC, 2010 WL 2791586,

4

at *4 (E.D. Cal. July 14, 2010) ("[A]n appeals coordinator does not cause or contribute to a completed constitutional violation that occurs in the past."); see also Meachum v. Fano, 427 U.S. 215, 225 (1976) (a prisoner has no liberty interest in freedom from transfer between prisons).

For all of the foregoing reasons, it appears that plaintiff's claims against defendants Camacho, Brida, Becerra and Zamora must be dismissed without prejudice and the remainder of the action must be dismissed for failure to state a claim upon which relief may be granted. Good cause appearing, plaintiff will be granted thirty days from the date of this order in which to show cause, if any he has, why this action should not be dismissed accordingly.

Finally, on September 6, 2012, plaintiff filed a motion for preliminary injunction. For the reasons discussed above, it appears that this action must be dismissed. Absent a complaint that sets forth cognizable claim on which relief may be granted, the court will not entertain a request for injunctive relief. Cf. Fed. R. Civ. P. 65; Local Rule 231.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Within thirty days from the date of this order, plaintiff shall show cause in writing, if any he has, why this action should not be dismissed in accordance with this order; and

/////
/////
/////
/////
/////

1          4.  Plaintiff's September 6, 2012 motion for preliminary injunction (ECF No. 9) is

2    denied without prejudice.

3    DATED: April 22, 2013.

4

5    _____

6    DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

7    12
     cofi1826.osc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26