UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT C. COFIELD,<br><br>         Plaintiff,<br><br>    v.<br><br>WARDEN SWARTHOUT, et al.,<br><br>         Defendants. | No. 2:12-cv-1826 DAD (PC)<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, the only party to appear in this action, has consented to United States Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 8.)

On April 23, 2013, the court screened plaintiff's original complaint, determined that it failed to state a claim upon which relief could be granted with respect to any of the named defendants, and ordered plaintiff to show cause why the action should not be dismissed. (ECF No. 10.) After the grant of an extension of time, plaintiff filed a response to the court's order to show cause on May 23, 2013. (ECF No. 15.)

In his response, plaintiff includes a statement of facts that further details the events alleged in his complaint. Attached to plaintiff's response to the order to show cause as exhibits are the following: correspondence directed to prison officials by plaintiff and responses thereto; inmate

1

1   appeals forms; rules violation reports; and a variety of other documents.  In addition, plaintiff
2   includes a section at the end of his response to the order to show cause titled "Legal Arguments"
3   in what appears to be an attempt to address the deficiencies in his original complaint highlighted
4   by the court's April 23, 2013 screening order.  (See ECF No. 15 at 97-103.)  There, plaintiff
5   clarifies that he is attempting to assert claims against the named defendants under the First and
6   Eighth Amendments.

7   Plaintiff's statement of facts in his response merely recounts the events alleged in the
8   complaint, albeit with more clarity and detail.  These clarifications with regard to the factual
9   allegations of the complaint indicate that plaintiff may be able to state a cognizable retaliation
10  claim under the First Amendment against defendant Camacho based on plaintiff's allegations that
11  defendant Camacho engaged in unauthorized cell searches and destroyed plaintiff's personal
12  property both in retaliation for plaintiff filing inmate grievances against him.  (See ECF No. 15 at
13  10-12.)  Accordingly, the court hereby discharges its order to show cause and grants plaintiff an
14  opportunity to file an amended complaint that alleges the facts referred to above in support of
15  retaliation claim against Camacho.

16  However, a review of plaintiff's response to the order to show cause reveals that the
17  remaining allegations of the complaint, even as clarified by the response, are insufficient to state
18  any other claim against defendant Camacho beyond a First Amendment retaliation claim and are
19  also insufficient to state a cognizable claim against any of the other defendants named in
20  plaintiff's original complaint.  This conclusion is based on the same reasoning set forth in the
21  court's April 23, 2013 screening order.

22  In his response to the order to show cause plaintiff argues that the allegations of his
23  complaint are sufficient to state cognizable claims for relief against the named defendants.  The
24  undersigned disagrees.  Plaintiff merely recites the bare elements of the underlying cause of
25  action asserted against defendants.  These assertions are insufficient to state claims against any of
26  the defendants named in the complaint.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 ("[A]
27  plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than
28  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do

1 . . . .") Furthermore, the factual allegations set forth in plaintiff's complaint and in his response to
2 the order to show cause are also insufficient to support his bare assertion of claims. Indeed,
3 plaintiff has not even identified any named defendant as the perpetrator of some of the
4 constitutional violations he allegedly suffered. (See, e.g., ECF No. 15 at 98 ("Petitioner has
5 presented the very archetype of a cognizable First Amendment retaliation claim in alleging that
6 Solano State Prison Guards and Administrators, arbitrarily withheld, confiscated, and eventually
7 destroyed my personal property.")

8 In his response to the order to show cause plaintiff has clarified his claims in some
9 instances by setting forth more specific factual allegations with respect to some of the named
10 defendants. For instance, plaintiff now contends that in denying or rejecting plaintiff's inmate
11 appeals defendant Long violated plaintiff's Eighth Amendment rights because Long knew that
12 plaintiff "suffered from chronic asthma, high pressure, and [that plaintiff] should have been sent
13 to a sea level institution." (ECF No. 15 at 100.) Plaintiff further alleges that Long knew that the
14 transfer would "challenge [plaintiff's] health and safety." (Id.) However, these additional
15 allegations in support of plaintiff's claim against defendant Long do not address the deficiencies
16 with respect to this claim noted in the April 23, 2013 order. (See ECF No. 10 at 5-6) (citing
17 Herrera v. Hall, 2010 WL 2791586 at *4 (E.D. Cal. July 14, 2010) ("[A]n appeals coordinator
18 does not cause or contribute to a completed constitutional violation that occurs in the past.") and
19 Meachum v. Fano, 427 U.S. 215, 225 (1976) (a prisoner has no liberty interest in freedom from
20 transfer between prisons).)

21 In his response to the order to show cause plaintiff also clarifies that he is attempting to
22 assert a due process violation claim against defendants in connection with his administrative
23 appeals of his prison disciplinary conviction on the basis that defendants violated the due process
24 protections guaranteed to him under the Supreme Court's decisions in Wolff v. McDonnell, 418
25 U.S. 539 (1974) and Sandin v. Conner, 515 U.S. 472 (1995). However, despite the analysis set
26 forth in the court's screening order, plaintiff fails to address in his response the fact that his
27 claims concerning his prison disciplinary conviction and administrative appeals from that
28 disciplinary conviction implicate the validity of a prison disciplinary conviction that resulted in

3

the loss of good time credits. As plaintiff has previously been advised, absent a showing that his disciplinary conviction has been invalidated his claim in this civil rights action implicating the validity of that conviction must be dismissed without prejudice. See Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).

For the reasons set forth above, the court will grant plaintiff leave to file an amended complaint in order to allege facts in support of his claim that defendant Camacho engaged in unauthorized cell searches and destroyed plaintiff's personal property in retaliation for plaintiff filing of inmate grievances against him, in violation of the First Amendment.

If plaintiff chooses to amend his complaint, he must therein allege facts demonstrating how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff will be required to file his amended complaint on the form provided with this order. In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. The court's April 23, 2014 order to show cause (ECF No. 10) is discharged;

/////

4

      2. Plaintiff is granted thirty days from the date of this order to file an amended complaint in compliance with this order;

      3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

          a. The completed Notice of Amendment; and

          b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall be on the form provided with this order and shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

      4. The Clerk of the Court is directed to send plaintiff the court's form complaint for a civil rights action pursuant to 42 U.S.C. § 1983 and accompanying instructions.

Dated:  April 17, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Dad1.civilrights
Cofi12cv1826.o.2.docx

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT C. COFIELD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN SWARTHOUT, et al.,<br><br>　　　　　　Defendants. | **No.** 2:12-cv-1826 DAD (PC)<br><br>NOTICE OF AMENDMENT |

　　　　Plaintiff hereby submits the following document in compliance with the court's order filed

_____:

　　　　_____ Amended Complaint

DATED:

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Plaintiff

6